LAWRENCE, Administrator of Lawrence, deceased, *v.*
LAWRENCE.

An order may be entered for a further answer upon exceptions for insufficiency submitted to, before exceptions taken for impertinence are disposed of.

Matter in an answer complaining of acts of the complainant, but which cannot avail the defendant in the suit, is impertinent.

Repetition is impertinence.

Where a complainant, as administrator, had been the professional adviser of the defendant and a deed, made and executed while the professional relation existed, might come into question in this suit, the defendant was allowed, in his answer, to set up the fact of such relationship; although it would have been better to have objected in the surrogate's office to the appointment of that person as administrator.

EXCEPTIONS for insufficiency and impertinence had been
taken to the defendant's answer; and he had submitted to
those which were taken for insufficiency. On the twenty-
fifth day of January, one thousand eight hundred and forty-
four, the complainant gave notice to the defendant of an
order having been entered requiring him to put in a further
answer to the exceptions so submitted to within twenty days,
&c.; and, on the thirtieth day of the same month of Janua-
ry, a notice to refer the exceptions for impertinence was also
served. A motion to set aside this last order was now made.
It was founded on an affidavit, made by the defendant, which
showed : that he considered the said exceptions for imperti-
nence to be waived by the order for a further answer and
he had commenced the drafting of such further answer in
conformity with the said order; that he deemed all the parts
of his answer excepted to for impertinence as pertinent and
essential to his defence, which he believed to be good and
valid, but that should such parts be expunged by order of
the court, his further answer, as drafted in reference to the
existing answer, would be materially varied and, in a great
degree, useless.

It appeared that the complainant had consented to an ex-
tension of the time to put in a further answer (to the excep-

*Feb. 5,*
*1844.*

*Practice.*
*Pleadings.*
*Excep-*
*tions.*

1844.

LAWRENCE
v.
LAWRENCE.

tions for insufficiency submitted to) so that the twenty days allowed for this purpose was to commence only from the time that the exceptions for impertinence were fully disposed of.

Mr. *W. B. Lawrence*, in *pro. per.* and in support of the motion.

Mr. *G. M. Ogden* and Mr. *W. H. Harrison*, contra.

*Feb.* 13.

THE VICE-CHANCELLOR :—I find nothing in the rules of the court which forbids the entry of an order for a further answer upon exceptions for insufficiency submitted to until exceptions for impertinence, taken at the same time, are disposed of. Nor do I see how the taking of such a step, in relation to the former, can be a waiver of the latter. They are not inconsistent proceedings, nor within the reasons for the practice laid down in *Hart* v. *Small*, 4 Paige's C. R. 333 and *The New York Fire Insurance Company* v. *Lawrence*, 6 Ib. 511 ; and any inconvenience or difficulty which the defendant may have, in drawing his further answer correctly while there is an uncertainty about parts of his original answer being retained, is obviated, in this case, by the complainant's proposed stipulation and of which the defendants can still have the benefit.

*Order :* that the defendant's motion to set aside the order of reference of the exceptions for impertinence be denied, with costs to be taxed ; and that the defendant have twenty days, after the exceptions for impertinence are finally disposed of in which to put in his further answer upon the exceptions for insufficiency.

---

*July 1st*, 1844. The exceptions came before the court, on the defendant's exceptions to the master's report ; and they will be sufficiently understood by his honor's opinion.

*Dec.* 10, 1844.

THE VICE-CHANCELLOR :—Fourteen exceptions are taken to the answer of the defendant William Beach Lawrence for impertinence. The first, second, third, tenth and fourteenth have been disallowed ; and all the rest are allow-

ed by the master. The defendant excepts to his report in respect to all the exceptions allowed.

The matter of the fourth, fifth, sixth, seventh and thirteenth exceptions are of the same character and—depending on the same principle—may be disposed of together. It is a mistake to say that the parts of the answer, pointed out by these exceptions, are called for by the bill. The bill does, indeed, allege the existence of prior mortgages and that suits had been commenced on some of such mortgages and that similar suits, on other of such mortgages, would probably be commenced. This is alleged for the purpose of showing the insecurity of the mortgage debt represented or claimed by the complainant and the propriety of his having a receiver of the rents of the mortgaged property.

The defendant admits the existence of the prior mortgages and the filing of some bills of foreclosure prior to the filing of the present bill; and states that certain bills have been filed since, and then adds that the latter "have been occasioned by the filing of the complainant's bill." And again, that suits have been commenced to foreclose some of the mortgages " and principally as before mentioned in consequence of the proceedings of the complainant." It is to these repeated assertions the five exceptions in question refer. If they remain in the answer, they may of course lead to the taking of a good deal of testimony and that too possibly of a very circumstantial nature, in order to support them. And supposing them to be true or to be proved, I am at a loss to perceive how such facts can be of the least force or avail in this suit to the defendant. If, as the answer asserts, there is nothing due to the estate of Isaac Lawrence upon or by virtue of the present mortgage or if the complainant, as administrator, had no title to this mortgage or right to control it or to file this bill or for any other cause this bill must be dismissed, the court cannot undertake in this suit to make compensation to the defendant for any injury or loss or detriment to his property occasioned by foreclosures and sales under other mortgages. And, on the other hand, if the defence set up does not succeed (and the matters in question are distinct from the matters of defence) then it follows that the complainants had a right to file this bill and the conse-

quence of filing it as stated must be attributed rather to the misfortune of the defendant than to the fault of a rightful complainant. It is said that if these five exceptions are well taken, then the master ought to have allowed and not disallowed, as he has done, the tenth exception. There is a similarity; and the seeming inconsistency in allowing some and disallowing another, is reconciled in this way: that the defendant has left to him, in the answer, the benefit of the fact in pleading, namely, "in consequence of the filing of this bill &c. other foreclosure suits were commenced" and it was unnecessary to repeat again and again in other parts of the answer the same allegation; such repetition constituting impertinence. I think the master was right, even on this ground, in allowing the other five exceptions.

Then, as to the fifth exception. This part of the answer appears to be a reiteration, in substance, of previous statements introduced to show that at the time of executing the deed to J. G. King, in trust for his wife, he was not insolvent and that his wife was justly and equitably entitled to hold the provision made for her as an equivalent for her right of dower which she had parted with. All this and everything else in relation to the complainant's conduct in bringing upon the defendant his misfortunes, annihilating his credit and producing sacrifices of his property is so fully stated in other places of the answer as to render this portion of it in the eighty-fourth, eighty-fifth and eighty-sixth folios unnecessary and so far as any thing new is stated about the complainant's taking his note to offer for discount at bank, as being evidence that the complainant could not have believed the defendant insolvent at that time, is quite immaterial. It is, moreover, argumentative, prolix and against the rules of good pleading. The master was right in allowing the exceptions.

I am not satisfied with the allowance of the ninth exception, although the statements of the bill cannot, I think, involve any breach of professional confidence, because they are not disclosures made in the shape of testimony; and if the defendant has any right to object that his former legal adviser should be the complainant in a bill against him, he should have objected before the surrogate to his appointment

as administrator, on the ground that the performance of his duty, in enforcing the mortgage, might lead to a breach of professional confidence, yet this part of the answer may, possibly, have some bearing upon the question in relation to the validity of the deed and as having been made under legal advice or while the relation spoken of existed. This part of the answer may, therefore, remain.

The eleventh exception should, also, in my opinion, have been disallowed. The exception is too broad. It covers some words that ought to remain, so that the previous denial might not stand as a negative pregnant. All after the words " settled" is improper ; but down to and including that word is properly a part of the denial. As an exception for impertinence must be allowed *in toto* or fail altogether, this exception must be deemed to have failed.

The twelfth exception is well taken. It can be of no consequence, for the purposes of this suit, how or by what means the defendant's circumstances have become impaired ; and I think he has no right to be so constantly throughout this long answer attempting to cast reflections on the complainant's official conduct in this business.

*Order*, that the sixth and seventh exceptions to the master's report in respect to the allowance of the ninth and eleventh exceptions to the answer be allowed ; and that all the other exceptions to the report be overruled. And that the report, in respect to the allowance of the fourth, fifth, sixth, seventh, eighth, twelfth and thirteenth exceptions to the answer, stand confirmed ; and that the clerk expunge accordingly. That the defendant pay the complainant's costs of the seven exceptions which are finally allowed, but no costs of the reference—as to which, each party is to bear his own. That the defendant also pay the complainant's costs on the hearing of the exceptions to the report to be included in the same taxation, but not to exceed ten dollars.